## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARBARA KINNARD, | DOCKET NUMBER |
| Appellant, | AT-0752-20-0449-I-2 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: April 30, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Shaun C. Southworth and Georgia A. Lawrence, Esquire, Atlanta, Georgia, for the appellant.

Kathleen Pohlid, Nashville, Tennessee, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's findings that the appellant (1) did not make

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

nonfrivolous allegations that the agency coerced her retirement based on its decisions to deny her requested accommodation and propose her removal when it knew or should have known that it could not sustain the action, and (2) did not show good cause for the delay in refiling the appeal, and AFFIRM the remainder of the initial decision. As such, we REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was an Advanced Medical Support Assistant at the agency's Nashville, Tennessee office. *Kinnard v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-20-0449-I-1, Initial Appeal File (IAF), Tab 1 at 7. On September 13, 2018, the agency proposed to remove her based on charges of inappropriate conduct, absence without leave, and failure to follow leave requesting procedures. *Id*. at 7-9. The appellant retired, effective September 27, 2018, before the agency issued a decision on the proposed removal. IAF, Tab 5 at 41. She subsequently filed a formal complaint of employment discrimination alleging reprisal for whistleblowing activity and prior equal employment opportunity (EEO) activity, and stating that her retirement was involuntary. *Id*. at 38. The agency issued a final agency decision (FAD), finding that she did not prove retaliation for prior EEO activity or that she was constructively discharged. IAF, Tab 1 at 10-16.

Following the agency's FAD, the appellant filed a Board appeal challenging her retirement as involuntary. *Id*. at 3, 5. The appeal was dismissed without prejudice because the appellant sought representation, and the administrative judge advised her to refile her appeal by August 21, 2020. IAF, Tab 15 at 1-2. The appellant refiled her appeal on August 22, 2020. *Kinnard v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-20-0449-I-2, Refiled Appeal File (RAF), Tab 1. The administrative judge issued orders informing the parties that the refiled appeal appeared to be untimely filed and that

it was unclear whether the appeal was within the Board's jurisdiction. RAF, Tabs 8-9. After the parties responded on the issues of jurisdiction and timeliness, RAF, Tabs 16-18, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, RAF, Tab 19, Initial Decision (ID) at 1-2. He found that the appellant failed to nonfrivolously allege that her retirement was involuntary based on the agency's failure to grant her requested accommodation of an ergonomic chair, the proposal removal, or union advice. ID at 6-10. In the alternative, the administrative judge also found that the appellant's refiled appeal was untimely filed without good cause shown for the delay.[2] ID at 10 n.10.

The appellant has filed a petition for review and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

An employee-initiated action, such as a resignation or retirement, is presumed to be voluntary, and thus, outside the Board's jurisdiction. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). However, an employee may establish Board jurisdiction over an involuntary resignation or

---

[2] Although the appellant does not challenge on review the administrative judge's alternative finding that the refiled appeal was untimely filed without a showing of good cause for the delay, a dismissal without prejudice should not become a trap that would deny the unwary pro se appellant the opportunity to have her case decided on the merits. *Brown v. Office of Personnel Management*, 86 M.S.P.R. 417, ¶ 8 (2000). The Board will find good cause for the untimeliness when a refiled appeal is untimely by only a few days, there is some indication of confusion by the appellant, the decision dismissing the original appeal without prejudice set a relatively arbitrary refiling deadline, and there was no showing that the agency would be prejudiced by the delay. *Id.* At the time of refiling, the appellant was pro se. RAF, Tab 1. The delay in filing here was just 1 day. IAF, Tab 15 at 2; RAF, Tab 1 at 1. According to the appellant's declaration, made under penalty of perjury, she attempted to refile the appeal on the date identified by the administrative judge, August 21, 2020, but was "unsuccessful" due to "technological errors" and confusion about the Board's error messages. RAF, Tab 17 at 11. Moreover, the deadline of 60 days to refile the appeal is arbitrary, and there is no indication that the agency was prejudiced in any way by the 1-day delay. Accordingly, we find that the appellant has established good cause for the de minimis delay in refiling her appeal, and we waive the time limit for the refiled appeal. *Slate v. U.S. Postal Service*, 92 M.S.P.R. 85, ¶ 7 (2002).

retirement by proving that she lacked a meaningful choice in the matter and the agency's wrongful actions deprived her of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 11 (2013). Among the ways that an employee can establish involuntariness is by proving that the agency obtained the action through duress or coercion. *Searcy*, 114 M.S.P.R. 281, ¶ 12. Alternatively, an appellant may establish that her retirement was involuntary by showing that the agency made misleading statements upon which she reasonably relied to her detriment. *Paige v. U.S. Postal Service*, 106 M.S.P.R. 299, ¶ 9 (2007). The touchstone of a voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Searcy*, 114 M.S.P.R. 281, ¶ 12. If the appellant presents a nonfrivolous allegation of Board jurisdiction in this regard,[3] she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Carey v. Department of Health & Human Services*, 112 M.S.P.R. 106, ¶ 6 (2009).

The appellant nonfrivolously alleged that the agency coerced her retirement based on its decisions to deny her requested accommodation and propose her removal when it knew or should have known that it could not sustain the action.

In her declaration made under penalty of perjury, the appellant made the following assertions: (1) she had 32 years of service with the agency; (2) she worked approximately 20 years in the Advanced Medical Support Assistant position or a similarly titled position; (3) she had "31 years of exceptional service with no write ups or disciplinary actions"; (4) "the vast majority of [her] performance appraisal[s] throughout [her] tenure [were] outstanding"; and (5) in the last 12-18 months of her employment, she was admonished[4] and the agency

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation will generally be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. *Id.*

[4] Although unclear, the appellant's declaration made under penalty of perjury appears to state that the admonishment occurred on or around June 2017, and it was "based on

proposed her removal, and such actions "were all a part of the intimidating and retaliatory behavior" by the agency. RAF, Tab 16 at 16. Significantly, the appellant alleged that in 2017 she was transferred to a different agency location and was forced to work with a non-ergonomic office chair despite previously having access to such equipment for a back-related disability from 2005. *Id.* at 17; IAF, Tab 5 at 64. After the transfer, she requested an ergonomic chair as a reasonable accommodation. RAF, Tab 16 at 17. According to the appellant, despite numerous requests for an ergonomic chair to various agency personnel, starting in June 2017, she could "no longer take the physical pain" of working without an ergonomic chair, and was forced to retire. *Id.* She also alleged that the agency's proposed removal was unfounded and retaliatory. *Id.* at 16-20. In particular, the appellant declared under penalty of perjury that specification 1 of charge 1 and charges 2 and 3 were "factually false," specification 2 of charge 1 was based on her protected activity (opposing discriminatory treatment), and the proposed removal was based on retaliation for protected activity. *Id.* at 18-19.

In the initial decision, the administrative judge found that the length of time between the denial of the appellant's request for a reasonable accommodation and her subsequent retirement—approximately 1 year and 3 months—rendered the denial immaterial to the jurisdictional issue and whether she lacked a meaningful choice regarding her retirement. ID at 6-7. Regarding the proposed removal, the administrative judge determined that the appellant failed to make a nonfrivolous allegation that it was the agency's wrongful actions that deprived her of the choice to retire. ID at 8. In particular, he noted that the appellant did not dispute that the agency had a basis for its most serious charge, and she did not allege that the agency acted without evidence; he also interpreted and rejected her contention that the agency relied upon evidence falsified by a union official. *Id.*

unfounded allegations of [the appellant] yelling in a threatening manner." RAF, Tab 16 at 16-17. The appellant also stated that the supervisor who admonished her harbored "retaliatory animus" against her. *Id.* at 18.

On review, the appellant argues that the agency's denial of her request for an accommodation of her disability coerced her retirement. PFR File, Tab 1 at 6. She further asserts that the proposed removal was based on unfounded allegations and was a "retaliatory tool" used by the agency. *Id.* She asserts that she retired due to the agency's "intimidating and hostile actions." *Id.* at 7.

The proper approach here is to view the appellant's allegations collectively, rather than individually. *Trinkl v. Merit Systems Protection Board*, 727 F. App'x 1007, 1010 (Fed. Cir. 2018).[5] By doing so, we conclude that the appellant has made a nonfrivolous allegation that the agency coerced her retirement by engaging in discrimination and retaliation by denying her requested accommodation, issuing her an admonishment, and proposing her removal based on largely unfounded allegations. In *Trinkl*, 727 F. App'x at 1010, our reviewing court held that, at the nonfrivolous allegation stage, the Board may not consider the relative probative value of an appellant's allegations over time; rather, weighing allegations as more or less probative is appropriate only following a jurisdictional hearing. Accordingly, we find that the administrative judge erred in weighing the evidence and discounting the denied request for accommodation due to its lack of temporal proximity to the appellant's retirement. Moreover, the Board has found that an appellant's allegation that her retirement was involuntary because the agency denied her request for an accommodation that would have permitted her to continue working sufficed as a nonfrivolous allegation of the Board's jurisdiction. *Carey*, 112 M.S.P.R. 106, ¶ 7; *see Hernandez v. U.S. Postal Service*, 74 M.S.P.R. 412, 416-18 (1997) (finding the appellant's claim that the agency denied his request for an orthopedic chair to accommodate his disability was a nonfrivolous allegation that his resignation was involuntary).

Although the fact that an employee is faced with the unpleasant choice of retiring or opposing an adverse action does not rebut the presumption of

---

[5] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 11 n.5 (2016).

voluntariness, *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009), an appellant can establish that her retirement was involuntary by showing that the agency knew or should have known that the threatened adverse action could not be substantiated, *Bean*, 120 M.S.P.R. 397, ¶ 10. Indeed, the choice between resigning and contesting an unfounded adverse action is not a meaningful one because it is a choice between false alternatives. *Id.* We find that the appellant has nonfrivolously alleged that the agency knew or should have known that it could not substantiate the charged misconduct and it was therefore coercive. We therefore find that through the series of events, starting with the agency's denial of the requested accommodation and culminating in the proposed removal, the appellant made nonfrivolous allegations that she lacked a meaningful choice in the decision to retire based on the agency's wrongful actions. Therefore, the appellant has made nonfrivolous allegations of the Board's jurisdiction sufficient for a jurisdictional hearing. Accordingly, we must remand this case for the appellant's requested hearing. At the hearing, the appellant must prove jurisdiction by a preponderance of the evidence.[6] 5 C.F.R. § 1201.56(b)(2)(i)(A).

<u>The administrative judge correctly found that the appellant failed to nonfrivolously allege that her retirement was caused by the agency's misleading statements.</u>

The administrative judge found that the appellant failed to identify any misleading statements attributable to the agency which led to her retirement. ID at 7-10. On review, the appellant alleges that she was incorrectly advised by her union representative to retire, rather than oppose the proposed removal, in order to preserve her retirement benefits. PFR File, Tab 1 at 7. We are not persuaded by this argument. The appellant may feel that she was misled by the union representative; however, that union representative was not a representative of the

---

[6] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

agency, and thus, the union representative's misleading statements cannot be attributed to the agency. *See Green*, 112 M.S.P.R. 59, ¶ 9. Thus, the appellant has failed to nonfrivolously allege that her retirement was involuntary as a result of the union representative's statements.[7] *See Bean*, 120 M.S.P.R. 397, ¶ 8 (noting that it must be the agency's wrongful actions that deprived the appellant of meaningful choice).

## ORDER

For the reasons discussed above, we REMAND this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[7] In the initial decision, the administrative judge noted that the appellant alleged that the evidence relied upon in the proposed removal was falsified by a different union official, and he concluded that the appellant has not explained how the union official's actions could be imputed to the agency. ID at 8. The appellant does not appear to challenge this finding on review, and we do not address it further.